IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUAVEN RILEY,<br>    ID # 25041574,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-939-S-BW |
| | § | |
| DALLAS COUNTY SHERIFF,<br>        Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Petition for Writ of Habeas Corpus Under

28 U.S.C. § 2241, received on May 11, 2026.  (Dkt. No. 5.)  Based on the relevant

filings and applicable law, the Court should **DISMISS** the amended petition without

prejudice.

## I.  BACKGROUND

Quaven Riley, a state pretrial detainee incarcerated at the Dallas County Jail

in Dallas, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his

current detention.  (*See id.* at 2-3.)  The amended petition names "Dallas County

Courts/Jail System" as the respondent.  (*See id.* at 1.)

Riley alleges the following grounds for relief in the amended § 2241 petition:

(1)  My charge is a Simple Possession of CS PG Less than a Gram []<-
1-G.  Dallas County had 60 days to have me in court[,] which I was
held past statu[t]e of criminal procedure on that;

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the
undersigned magistrate judge for full case management.  (*See* Dkt. No. 1.)

(2)  After noticing all violations of criminal prosecutor and violations against the commission of judicial system my court appointed Attorney Clayton C. Smith;

(3)  I was located in the West Tower which is the medical side of the facility[] where I was sexually assaulted, physically abused and mentally abused; and

(4)  Sexual abuse[] by staff members of the West Tower[] after I refused to not allow them to violate my rights as in civil rights and my rights as an inmate.

(*Id.* at 5-6 (capitalization altered).)  He seeks to be "paid in restitution" for various alleged damages and losses.  (*Id.* at 7 (capitalization altered).)

## II.  EXHAUSTION

Because § 2241 "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" it is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  For a pretrial detainee to be eligible for relief under § 2241, he "must have exhausted his available state remedies" before seeking federal habeas relief.  *Dickerson*, 816 F.2d at 224.  This exhaustion requirement "was judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA"). *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing Tex. Code Crim. Proc. art. 11.08 (West 2008) and *Cotton v. Jefferson Cnty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). After the trial court has ruled on the application, the detainee may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

A federal district court may raise the lack of exhaustion sua sponte. *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997). It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for

3

relief.  *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Riley indicates in his amended petition that he pursued to completion all state remedies relevant to his claims before filing this federal habeas action.  (*See* Dkt. No. 5 at 3.)  The remedies he identifies, however, consist of grievances and "kites" filed internally with officers in the Dallas County Jail.  (*Id.*)  A review of his state trial court docket and available public records shows that Riley has not filed an Article 11.08 habeas petition in the state trial court, much less that he appealed any unfavorable ruling on same and sought discretionary review by the TCCA.  *See* Case Search, http://search.txcourts.gov (last visited May 15, 2026).  Because Riley has not presented his habeas claims to the TCCA in a procedurally correct manner, the highest court of the state has not had an opportunity to review them.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Further, Riley has not alleged or shown any "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement.  *Hughes*, 2018 WL 6729654, at *1.  He therefore is not entitled to habeas relief under § 2241 based on a failure to

exhaust his available state remedies, and the Court should dismiss the habeas claims in his amended § 2241 petition on this basis.

### III.  CIVIL CLAIMS

In his third and fourth grounds for relief, Riley alleges that he was sexually assaulted and physically and mentally abused; Riley also seeks to recover restitution for various alleged damages and losses in this action.  (*See* Dkt. No. 3 at 6-7.)  Riley's challenges to the conditions of his confinement and his request for restitution do not specifically challenge his custody, and such challenges and relief therefore may not be raised in this habeas action.  Accordingly, the Court should dismiss Riley's third and fourth grounds without prejudice to his raising them in a separate civil action. Because Riley is a prisoner within the meaning of the Prisoner Litigation Reform Act ("PLRA"), he must pay the full $405 filing fee for a non-habeas civil action, should he pursue one, although the fee may be paid in installments that are automatically withdrawn from the inmate trust account of a prisoner who is granted leave to proceed in forma pauperis.[2]  *See* 28 U.S.C. § 1915(b)(1).

### IV.  RECOMMENDATION

The Court should **DISMISS** the habeas claims in the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on May 11, 2026 (Dkt.

---

[2] As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis.  *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account.  The $55 administrative fee will not be deducted.

No. 5), without prejudice for failure to exhaust state remedies.  The Court should

**DISMISS** any non-habeas civil claims without prejudice to Riley's raising them in a

separate civil action.

      **SO RECOMMENDED** on May 18, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).